**STUART, Gdn., v. SCHOONOVER et al.**

No. 12418—Opinion Filed March 4, 1924.

Rehearing Denied Oct. 21, 1924.

1. **Marriage—Common-Law Marriage—Evidence of Relations After Removal of Impediment.**

If parties procure a license and enter into a ceremonial marriage before the expiration of six months from the divorce of one of them, such marriage being absolutely void,

whether such relation was entered into in bad faith and therefore bigamous, criminal, and meretricious ab initio, or in good faith and for the purpose of matrimony ab initio, it may be shown by the proof that by their acts, conduct, and agreement, after such impediment was removed, that their relation became matrimonial rather than meretricious.

**2. Same—Sufficiency of Evidence.**

Record examined, and held, that the acts, conduct, and agreement of the parties, after the removal of the impediment to their marriage, constitued a common-law marriage.

**3. Executors and Administrators — Family Allowance—Persons Entitled—"Widow" —Widower.**

Section 1227, Comp. Stat. 1921, providing for family allowance, does not authorize allowance for the maintenance of the surviving husband out of the estate of deceased during the progress of the settlement of the estate. The term "widow" therein does not include "widower."

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Osage County; C. B. Wilson, Jr., Judge.

The administrator of Mary Miles Crowther Schoonover, deceased, filed final report praying for an order decreeing Marie Versa Crowther, daughter of deceased by former marriage, and Grover C. Schoonover, surviving husband of deceased, to be her heirs, including family allowance to such surviving husband. Said minor daughter, by guardian and next friend, objected on the ground that said Grover C. Schoonover was not the lawful husband of said deceased at the time of her death, because of their marriage within six months from the date of her divorce, objecting also to said allowance, and praying that the entire estate be decreed and distributed to said minor daughter. The county count overruled such objections, approved such final account, and rendered decree of distribution accordingly. From the judgment of the district court affirming the action of said county court, guardian of said minor appeals. Judgment modified and affirmed.

H. P. White and Robert Stuart, for plaintiff in error.

E. H. Mattingly, Leahy, McDonald & Files, and Elmer L. Fulton, for defendants in error.

Opinion by ESTES, C. This is an appeal from an order allowing final account of the administrator of the estate of Mary Miles Crowther Schoonover, deceased, including

a family allowance to defendant in error, and determining heirship. Such administrator, in his final report prayed the county court to determine and find the heirs, alleging that he was informed and believed that Grover C. Schoonover, husband, and Marie Versa Crowther, the minor daughter of deceased by a former marriage, were the only heirs, and each entitled to one-half of the estate, praying also for order of distribution accordingly.

The guardian and next friend of said minor daughter, plaintiff in error herein, filed objections to said report on the ground that said Grover was not the lawful husband of said Mary at the time of her death, because of their marriage within six months from the date of her divorce; objected to the family allowance of $500 to said Grover, and prayed that the entire estate be decreed and distributed to said minor daughter. The county court overruled such objections and held that said Grover was the lawful husband of said Mary at the time of her death, and decreed distribution of the estate, one-half to said daughter and one-half to him, approving said allowance. In trial de novo in the district court the county court was affirmed, from which judgment appeal to this court was duly lodged. The question is whether Grover C. Schoonover was the lawful husband of said Mary at the time of her death and as such, one of her legal heirs.

Said Mary, a full-blood Osage, on August 7, 1916, obtained a divorce from her last former husband, Eugene Crowther, in Osage county. She was the mother by Crowther, of the little daughter, Marie Versa Crowther. On January 9, 1917, about 28 days before the expiration of the statutory six months prohibition to marry, she and the defendant, Grover C. Schoonover, went to Muskogee, Muskogee county, procured a marriage license and celebrated ceremonious nuptials. They soon returned to Pawhuska in Osage county. It is a fact and it is admitted that the parties hereafter held themselves out to the world as husband and wife. They bought and occupied a homestead, taking the legal title in her name as Schoonover. She did business at the bank and stores in that name. In September, 1917, domestic perturbations caused them to separate for a few days. Mr. Schoonover convinced Mary that he had not been unduly friendly with other women. They agreed to cease quarreling. She said she would live with him and be a good wife and he told her "alright." Thereupon they resumed the marriage relation, living together in their

own home until May, 20, 1918, when Mr. Schoonover was induced into the military service of this nation. While in France, fighting for the flag, several letters passed between him and said Mary, couched in the most endearing terms and disclosing mutual connubial bliss. Grover took out $10,000 of war risk insurance payable to said Mary as his wife, and duly allotted and caused to be paid to her part of his pay, also contributing $5 per month to the said little daughter of said Mary. When he returned to his native land, said Mary had departed this life.

1. 2. The pretended marriage of said Grover and Mary at Muskogee within six months from the date of her decree of divorce was absolutely void under the express language of our statute and the decisions of this court. If said Grover was the lawful husband of said Mary at the time of her death, and thereby one of her heirs, he became such because of a common-law marriage, recognized in this state, consummated between them after such impediment was removed.

Under Clark et al. v. Barney et al., 24 Okla. 455, 103 Pac. 598, if both Grover and Mary knew that they were contracting marriage before the expiration of said six months, and that the former spouse of said Mary, Mr. Crowther, was still living, their relations in that event being bigamous and criminal ab initio, the presumption is that they continued so and that this relation could not ripen into a common-law marriage, except by proof that by their acts and conduct or agreement, after such impediment was removed, such relation became matrimonial rather than meretricious. We do not deem it necessary to determine whether either or both parties knew that the six months had not expired, that is, to pass upon the good faith of either party at the time of their ceremonious marriage. There is a conflict in the evidence as to whether said Grover knew of such impediment. The judgment of the trial court could possibly be affirmed on the ground of his good faith at first and the presumption of law that such good faith continued; and that he therefore intended matrimony at all times. The judgment of the trial court, which includes such finding, is not clearly against the weight of the evidence. However, we do not pass upon that phase of the case. They cohabited and held themselves out as husband and wife for more than two years. They knew in any event that the six months inhibition could not continue far into such period. The judgment of the trial court is affirmed

on the ground that, whether they were in good faith or bad faith in the beginning—whether their relations ab initio were matrimonial or meretricious—they did consummate a common-law marriage after the removal of such impediment, by their acts and conduct as well as by more formal agreement. The salient facts admitted, undisputed, or not seriously in conflict, are as aforesaid.

We do not feel called upon to pass upon the numerous questions raised in the lengthy and able briefs of counsel. If the burden of proof was upon defendant in error, under Brokeshoulder v. Brokeshoulder et al., 84 Okla. 249, 204 Pac. 284, such burden was amply sustained. After the removal of the impediment, there was an oral agreement of common-law marriage followed in praesenti with cohabitation and holding out as husband and wife. We are content, under Clark v. Barney et al., supra, and other authorities to hold that it does "expressly appear by proof to place the parties in the eyes of the law in a lawful relation". It is contended by plaintiff in error that the court erred in permitting defendant in error, Schoonover, to testify to the oral agreement whereby he and said Mary resumed their relations after such separation. No objection was made by plaintiff in error at the time such evidence was elicited. Plaintiff in error on cross-examination of Schoonover brought out some testimony relative to such agreement. Other witnesses testified that said parties did quarrel, separate, and later resume the marital relation. Under this state of the record, there is no merit in this contention.

3. The record shows that an allowance was made by the court and paid by the administrator for the maintenance of said minor daughter in the settlement of this estate. The family allowance of $500 to defendant in error, Schoonover, is assigned as error. Section 1227, Comp. Stat. 1921, authorizes family allowances for the support of widow and children. The allowance for said child was authorized by said statute. The husband is not specifically named in said statute and does not come within the classes designated. The term "widow" does not include widower. 24 C. J. 244; In re Bowen's Estate (Wash.) 163 Pac. 379. There is no statutory authority for the family allowance of said $500 to said Schoonover, and said final account should not have been approved as to this item. The defendant in error should be required to account for the same.

The judgment of the trial court should be modified as to said allowance of $500, and as so·modified, the same should be and is affirmed.

By the Court: It is so ordered.