## CUMMINGS v. HUDDLESTON, Adm'r, et al.

No. 13058—Opinion Filed May 13, 1924.

### Divorce—Petition to Vacate—Remarriage — Estoppel.

Where a divorce decree is entered by default, and the defendant therein, upon learning of such decree, makes investigation and satisfies himself that the divorce has in fact been granted, whereupon he marries another woman, such action operates as an estoppel against such party to thereafter question the validity of such divorce decree after the death of the plaintiff in such action.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Seminole County; John L. Coffman, Judge.

Action by Wiley C. Cummings against W.

E. Huddleston, administrator, and others, to vacate a decree of divorce. Judgment in favor of defendants, and plaintiff appeals. Affirmed.

This action was commenced in the district court of Seminole county, January 20, 1921, by plaintiff filing a petition to vacate a decree of divorce theretofore entered in that court on June 4, 1918, in cause No. 3791, wherein Oda Cummings was plaintiff and Wiley C. Cummings was defendant, for the reason that the court was without jurisdiction of the defendant in said action, no summons having ever been served upon him in said cause.

Judgment was rendered in this action in favor of the First National Bank of Konawa on demurrer to the petition. W. E. Huddleston, as administrator, answered by general denial. Dan Cummings, the minor defendant, answered by general denial except as to the marriage of plaintiff and Oda Cummings, and that the said Dan Cummings was a child of said marriage, which allegations of plaintiff's petition were admitted to be true. By way of estoppel he pleaded the divorce decree entered in cause No. 3791, and that thereafter this plaintiff, who was defendant in said divorce action, with full knowledge of said divorce decree, and on or about December 26, 1919, contracted a second marriage with one Betty Jones with whom he has since lived and cohabited, and to whom he is now married and with whom he is living, and that by reason of such facts he is estopped to assert the invalidity of said divorce decree.

Trial was had June 24, 1921, and at the conclusion of plaintiff's evidence, the defendants, W. E. Huddleston, administrator, and Dan Cummings, a minor, each demurred to the evidence of the plaintiff, which demurrers were by the court sustained and judgment rendered in favor of the defendants. After unsuccessful motion for new trial, the case is brought here by petition in error with case-made attached for review. The parties will be hereafter referred to as plaintiff and defendants, respectively, as they appeared in the trial court.

Pryor & Stokes, for plaintiff in error.

John W. Willmott, R. J. Roberts, Allen J. Nichols, and Norvell & Haulsee, for defendants in error.

Opinion by LOGSDON, C. In this court the sole contention of plaintiff in error is that the trial court erred in sustaining the

separate demurrers of the defendant to the evidence of plaintiff, and in rendering judgment thereon.

In this case it appears from the testimony of the plaintiff that he and Oda Cummings were married about the year 1912, and that their child, Dan Cummings, was about five years old at the time of the trial; that during the year 1917, he and his wife, Oda Cummings, separated some two months before he was inducted into the military service of the United States; that he was inducted into such service October 27, 1917, and on August 30, 1917, his wife had commenced the action for divorce against him; that he returned from service in France in April, 1918, and was honorably discharged and returned to Seminole county; that upon his return to Seminole county he learned for the first time of his wife's action for divorce and of the decree rendered; that he went to see her and she advised him that she had procured a divorce; that he then visited the office of the court clerk and was advised by the court clerk that the divorce decree had been entered and that he was a divorced man; December 28, 1919, he married Betty Jones, with whom he has since lived as husband and wife; that November 3, 1920, Oda Cummings died, leaving an allotment of land consisting of 120 acres, and that he commenced this action to vacate said decree on January 20, 1921.

Upon these facts it is urged here that the trial court committed, reversible error in sustaining the demurrers to the evidence of plaintiff and in rendering judgment against him. Great reliance is placed by plaintiff in the case of Rodgers v. Nichols, 15 Okla. 579, 83 Pac. 923, but that case is easily distinguishable in its facts from the instant case. In the Rodgers Case it is shown affirmatively that the plaintiff had no knowledge or information of the divorce proceeding prior to the death of her husband, and that she commenced proceedings to vacate the decree as soon as she received such information. No element of estoppel was present in that case. No affirmative act of plaintiff was shown inconsistent with her contentions on the trial of that case. It was an action involving only property rights, in which the public had no interest, and nothing was shown to estop plaintiff from asserting her rights.

Conceding plaintiff's contention that the judgment in the divorce action was void for want of jurisdiction of his person, do the facts shown by the record in this case entitle the plaintiff to any relief from that decree? After being fully advised and informed as to the existence of the decree he made no objection to its validity, but availed himself of the privilege thereby conferred and contracted a second marriage within about nine months after learning that the decree had been entered. After contracting this second marriage he continued to live with his second wife, raising no question as to the validity of the decree until after the death of his first wife, and then comes in with a petition to vacate the decree in order that he may inherit a half interest with his minor child in the allotment of the dead woman.

If there were no established rule of estoppel in such cases this would be a most excellent proceeding in which to establish one. However, the rule is well and generally settled that one who accepts the benefits and privileges of a divorce decree by a remarriage, even though the decree be void for want of jurisdiction, is estopped from thereafter assailing such decree. Garner v. Garner, 38 Ind. 139; Stephens v. Stephens, 51 Ind. 542; Scase v. Johnson, 130 Ill. App. 35; State ex rel. Hahn v. King (La.) 33 South. 121; Marvin v. Foster (Minn.) 63 N. W. 584; Mohler v. Shank (Iowa) 61 N. W. 981; Richardson v. Simmons, 47 Mo. 20; Arthur v. Israel (Colo.) 25 Pac. 81; Richardson's Estate (Pa.) 19 Atl. 82. And the reason for this rule is obvious. Society at large is interested in the maintenance of the marriage relation and in the faithful discharge of the duties and obligations incident thereto. But after those relations have been severed by judicial decree, and that decree fully acquiesced in by the immediate parties with full knowledge thereof, society has no further interest in the property rights of the parties. They are then subject to the same rules of law which govern others, and the rule of estoppel is one of these. After the death of Oda Cummings plaintiff's only reason for assailing the decree of divorce could be to establish property rights resulting from his marriage with her. These rights he estopped and precluded himself from asserting by acquiescing in the decree with full knowledge thereof and by contracting a second marriage during Oda's lifetime.

In the divorce action the decree of the court expressly recited that there had been personal service on the defendant and that the court had examined the process and the return and was satisfied therewith. It is

true that this recital in the decree is contradicted by the testimony of the plaintiff in this action, who says that he was not served with summons. It is also true that the entries in the appearance docket in the divorce action showed a return of the original summons, "not found", and did not show the issuance of an alias summons. Whether this showing would be sufficient to hold the divorce decree void in a proper case is not here determined. It suffices to say that there are certain circumstances in evidence which tend very strongly to support the recital of service in the decree. For instance, plaintiff did not make any allotment of pay to his wife during his term of military service; he did not make any allotment for the support of his child during that time; he did take out life insurance, making the same payable to his child, but sent the policy to his cousin for safekeeping instead of to his wife. These circumstances are certainly very cogent in support of the recital of service in the divorce decree, but as before stated the sufficiency of the evidence as to service to support that decree is not here determined.

For the reason that the facts shown in the record are amply sufficient to estop this plaintiff from now questioning the validity of the divorce decree, the judgment of the trial court in sustaining the demurrers of the defendants to the evidence of the plaintiff and in rendering judgment thereon should be in all things affirmed.

By the Court: It is so ordered.