## BROCKHAUS v. BROCKHAUS.

No. 14829—Opinion Filed Oct. 28, 1924.

### Divorce—Decree—Insufficiency of Evidence.

In a divorce proceeding it is reversible error to grant the decree in the absence of legal and competent evidence being offered which reasonably tends to establish the legal grounds alleged.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Woodward County; James B. Cullison, Judge.

Action by Mattie Brockhaus against Herman A. Brockhaus. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Edward Dewes Oldfield and Eben L. Taylor, for plaintiff in error.

S. M. Smith and Horton & Horton, for defendant in error.

Opinion by JONES, C. This action was instituted in the district court of Woodward county, Okla., by the plaintiff in error, plaintiff in the trial court, and against the defendant in error, defendant in the trial court, for separate maintenance and support.

The plaintiff, Mattie Brockhaus, and the defendant, Herman A. Brockhaus, were married in 1918, and lived together as husband and wife until 1921, and while the plaintiff was absent from home in the state of Washington, where she owned some property, attending to her affairs, the defendant instituted a divorce proceeding, and shortly after the said Mattie Brockhaus returned from the state of Washington to her home, plaintiff and defendant entered into a property settlement, and it is now alleged by the plaintiff in this cause of action that the consideration for such an agreement was that the divorce proceeding then pending, in which Mattie Brockhaus, who was the defendant in that case, and the plaintiff in this case, had filed a cross-petition asking for divorce and alimony, should be dismissed, and their marital relations should be restored. Plaintiff further alleges cruel treatment and gross neglect of duty, but does not pray for a divorce.

The defendant filed his answer in the nature of a general denial and cross-petition, and prays that a divorce be granted said defendant, and that the former property settlement be set aside, alleging same to be void and against public policy. And among other things which he alleges as grounds for a divorce, charges that the plaintiff, his wife, seasons her cooking too highly, and that she is a woman of much language, that she claims to be a sister of one Joe Wigham, to whom she gave some old clothes, and while it is possible that she is the sister of said Wigham, said cross-petitioner has always doubted the statement.

The above excerpts are quoted as being samples of the allegations or averments of defendant's cross-petition, and we deem it unnecessary to encumber the record with a copy of same as it is rather lengthy.

The case was submitted to the court, and judgment rendered in favor of the defendant on his cross-petition, granting him the divorce, and also set aside the former property agreement made between the plaintiff and defendant, and judgment was rendered in favor of the plaintiff, allowing her certain alimony or maintenance money, from which judgment of the court the plaintiff prosecutes this appeal, and sets forth various assignments of error.

Appellant first contends that the judgment should be reversed for the reason that the court was without jurisdiction to render same, because of the fact that the cross-petition upon which the divorce was granted was not verified, and calls attention to various authorities, and the statutes requiring verifications of petitions and answers in divorce proceedings, but there seems to be some conflict as to whether or not this contention is correct. Appellees contend that the answer was properly verified, and we are not passing on the merits of this contention, as we deem it unnecessary, in view of the fact that we think the second proposition alleged entitles appellant to a reversal of this case, to wit, that:

"There was neither evidence nor law to support the judgment for divorce in favor of the defendant."

The record discloses that on the trial of the case, and after the plaintiff had rested her case, the following colloquy occurred between counsel for defendant and the court:

"Mr. Robertson: May it please the court, I don't wish to impose on your time or patience, but would you care to hear his story of their married life or do you want to enter into the question of their property alone?"

—whereupon the court stated:

"The Court: No. I don't want to hear it. You set it out in your pleadings and I will take it for granted that you both told me the truth about this."

The defendant was then placed on the

stand and proceeded to testify concerning the property rights, but was not asked to make proof of any of the allegations contained in his cross-petition set up as grounds for a divorce, and no proof was made 'of any kind or character to establish the allegations of his cross-petition in this particular, and in the findings of facts delivered by the court, we find this statement:

"As a conclusion of law, or as a legal proposition, one is just as much to blame as the other if there is any blame to be placed anywhere. It is a very serious mistake to marry under the circumstances and conditions under which they married. That is all passed and gone, and they ought to be divorced"

—which we think is evidence of the fact that no testimony had been offered to established the grounds alleged for a divorce by the defendant. The court may have felt that these people made a mistake in marrying, but there is no law which authorizes the granting of a divorce, we are glad to say, merely for mistake, and knowledge possessed by the court, outside the record, will not justify the granting the decree. Section 515, Comp. Stat. 1921, provides:

"But no divorce shall be granted without proof."

The appellant discusses other propositions as to the rights of the court to cancel the property contract, formerly made, and also that the award for maintenance and support was inadequate, and error of the court in refusing to permit the introduction of certain evidence on the part of the plaintiff, but we deem it unnecessary to pass on these matters at this time, and recommend that the case be reversed and remanded for a new trial on all of the issues involved.

By the Court: It is so ordered.