## FISHER v. FISHER.

No. 16144—Opinion Filed Nov. 10, 1925.

Rehearing Denied Feb. 9, 1926.

**1. Marriage—"Marriage as at Common Law"—Meeting of Minds in Contract.**

"Marriage" as at common law creates the status of husband and wife under the law of this state. Whenever the minds of the parties meet in a common consent thereto, the marriage immediately arises. It is a contract between the man and woman, each accepting the other into the ties of that relation, neither remiss to its possible sorrows, nor the enjoyment of its incidental pleasures. The status is created by the contract, by whatsoever evidential facts it may be established if questioned. Mudd v. Perry, 108 Okla. 168, 235 Pac. 479.

**2. Divorce—Pleading—Sufficient Allegation of Marriage.**

In a divorce action the plaintiff alleged that she and defendant were lawfully married at Henryetta, Okla., on the 19th day of August, 1923, and that they immediately returned to Muskogee, and that they lived together as husband and wife until the 6th day of May, 1924. Held, that it was not error, under the foregoing allegations, to admit evidence of a common-law marriage.

**3. Divorce—Alimony—Amount.**

Where plaintiff proves the relationship and status of marriage, and proves sufficient ground for a divorce, held, that awarding of alimony in the sum of $2,500, under the facts of the instant case, was not an abuse of discretion, and that the same is not excessive or improper.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Muskogee County; Enloe V. Vernor, Judge.

Action by Sallie I. Fisher against F. E.

Fisher. Judgment for plaintiff, and defendant appeals. Affirmed.

C. G. McKoin and Linebaugh, Pinson & Fite, for plaintiff in error

W. K. Zachry and Harry G. Davis, for defendant in error.

Opinion by LYONS, C. The trial court awarded Sallie I. Fisher, defendant in error, a divorce and alimony in the sum of $2,500. The plaintiff in error appeals.

There are only three questions which require consideration on the appeal: First. Did the plaintiff. in the court below establish the bona fide relation of husband and wife? Second. Was evidence of a common-law marriage admissible under the pleadings? Third. Was the amount of the award of alimony improper?

A review of the testimony shows clearly that the parties contracted a common-law marriage. The plaintiff in error is a dentist, more than 40 years of age; the defendant in error is a young woman, not more than 20 at the time of her entering into the marital relation. There is evidence from which it might be concluded that the plaintiff in error induced the defendant in error to go through a marriage ceremony, which she believed to be valid, but which in fact was invalid, for the reason that plaintiff in error had not secured a license. If the testimony as to these facts is believed, the following rule of law is applicable:

"A marriage procured by deception and fraud, except, it may be, of certain kinds and magnitude, is not absolutely void, but only voidable, and valid for all civil purposes unless and until avoided by the deceived party. The party imposed upon may disaffirm or ratify the contract of marriage after discovery of the fraud; and it has been held that voluntary cohabitation thereafter as husband and wife, is a ratification. As under the rule declared in Beggs v. State, supra, a valid marriage may be constituted without license and solemnization, merely by the consent of the parties, certainly complainant may ratify her consent to an immediate marriage, procured by false representations, and thus, by relation, render the marriage good ab initio. The contract, however, can be avoided only by the party defrauded. Says Mr. Bishop: 'The doctrine seems to require no qualification, that a voidable marriage is, until the act or sentence transpires which renders it void, as good for every purpose as if it contained no infirmity.' 1 Bishop's Mar. & Div., section 116. If, in answer to the usual questions, though propounded by a person not authorized to solemnize the marriage, both parties consented to a union, defendant. is estopped from asserting that the consent was

not mutual, or that he did not consent; he will not be permitted to take advantage of his own wrong and fraud to escape the duties and responsibilities of the marital relation. 'The party who commits a fraud is bound, and remains bound until the party deceived has made his or her election, and will thereafter be bound, or not, according to the election made.' Tomppert v. Tomppert, 13 Bush. 326; Hempstead v. Plaistow, 49 N. H. 84; State v. Murphy, 6 Ala. 765. The allegations of the bill, fairly construed, show that complainant elected to treat and recognize the marriage as valid." Farley v. Farley, 94 Ala. 501, 10 South. 646.

In this case, however, it is not necessary to rely on the testimony as to the pretended false ceremony. There is incontestable evidence in the record that plaintiff in error took Sallie I. Fisher to his home, lived with her as his wife, held her out to friends and relatives, to tradesmen, and to the public generally as his wife. These facts and circumstances constituted a common-law marriage, valid in this state, under the following decisions: Stuart v. Schoonover, 104 Okla. 28, 229 Pac. 812; Mudd v. Perry, 108 Okla. 168, 235 Pac. 479.

We now consider the question as to the sufficiency of the pleadings. The pleadings aver a marriage between the parties. We think that this was the statement of an ultimate fact, and that proof of a common-law marriage was admissible under the averment. Farley v. Farley, 10 South. 606, supra.

Again, no motion to make definite and certain was made, but an answer was filed to the petition, which was in effect a general denial. The allegation of the petition is as follows:

"Plaintiff states she and defendant were lawfully married at Henryetta, Okla., on the 19th day of August, 1923; that they immediately returned to Muskogee, and that they lived together as husband and wife until the 6th day of May, 1924, at which time, on account of the cruel and abusive treatment by this defendant," etc.

We think that the case cited by plaintiff in error, Andrews v. Andrews (Tex.) 12 S. W. 1124, is not an authority for the proposition that the pleading in the instant case was insufficient. In that case, the petition contained no allegation of marriage.

Further, in the case of Cuneo v. DeCuneo, 59 S. W. 284, the Supreme Court of Texas laid down the rule as follows:

"Objection that the facts constituting the marriage are not alleged in the petition for divorce comes too late when made by objection to evidence

"A petition in divorce alleging merely that

the parties were married admits of proof of a common-law marriage."

The Supreme Court of Alabama in the case of Farley v. Farley, supra, states as follows:

"In a bill for divorce by the wife, an allegation that, on a named day, 'she was lawfully and legally married to said defendant,' is a sufficient averment of the marriage."

Further, we see no good reason why the allegation of marriage in the petition is not sufficient to permit the admission of evidence of a common-law marriage. A common-law marriage is valid and lawful in this state, and when entered into imposes upon the parties the same rights and duties as a ceremonial marriage does. Therefore, the ultimate fact of marriage having been alleged, under the state of the record in this case, the objection as to the insufficiency of the pleadings is untenable.

We pass now to the contention that the award of alimony is improper. The evidence discloses a marriage and good and sufficient cause for a divorce. The testimony further discloses that the plaintiff in error was a practicing dentist in the city of Muskogee, possessed of an excellent practice, and earning an income. It further discloses that the plaintiff in error is the owner of certain real estate and automobiles. The defendant in error was a working woman before her marriage, and made her living by clerking in a department store. In this court, it is not sufficient to suggest error; it must be made manifest from the record. The rule is that the amount to be awarded as permanent alimony is largely in the discretion of the court. 14 Cyc. 773. We are unable to say that the trial court committed error in awarding alimony in the sum of $2,500.

The judgment of the trial court contains no error. The cause is affirmed.

-- By the Court: It is so ordered.

Note.—See under (1) 26 Cyc. pp. 826, 837, 838; anno. L. R. A. 1915E, 16; 18 R. C. L. pp. 395, 403; 4 R. C. L. Supp. p. 1185; 5 R. C. L. Supp. p. 981. (2) 19 C. J. p. 107, §269. (3) 19 C. J. pp. 268, §614; 329, §767.