## MANTZ v. GILL.

No. 19870. Opinion Filed Feb. 10, 1931.

Brett & Brett, for plaintiff in error.

Slough & Gibson, for defendant in error.

McNEILL, J. This is an appeal from a judgment of the district court of Carter county, Okla., denying the last will and testament of Eva Gill, deceased, to probate, thereby reversing the judgment of the county court of said county in admitting the same to probate. The proceeding was in-stituted by Paul Mantz filing in said county court a petition for the probate of said last will and testament of said deceased.

The parties hereinafter will be referred to as follows: Paul Mantz, plaintiff in error, as plaintiff, and E. D. Gill, defendant in error, the contestant, as defendant.

There is practically no dispute as to the facts in this case. They may be summarized briefly: In 1896, E. D. Gill and Eva Gill, deceased, the aforesaid testatrix of said will, were married and lived together as husband and wife until on or about the 8th day of October, 1923, on which date the defendant, E. D. Gill, obtained a default divorce from said Eva Gill in the district court of Johnston county, state of Oklahoma. Thereafter, on November 22, 1923, or within 45 days after the granting of said decree of divorce, said defendant married, in the state of Texas, one I. M. Jarid (I. M. Gill). They returned to Oklahoma, lived together and held themselves out as husband and wife until December 8, 1924, at which time the said defendant, in an action commenced by him in the district court of the county of Pottawatomie, state of Oklahoma, was granted a decree of divorce from the said I. M. Gill. This action was not contested. Thereafter, on to wit, the 16th day of December, 1924, or within eight days after obtaining the last decree of divorce, said defendant obtained a marriage license in the county of Cook, state of Texas, and in that state married Eva Gill, deceased, his former wife, from whom he had obtained a decree of divorce on the 8th day of October, 1923. Said defendant and said Eva Gill returned to Oklahoma, and lived together at various places for more than a year as husband and wife.

Said deceased had apparently become dissatisfied and had come to her brother's homa at Berwyn, Okla., to live, and later, accompanied by her niece, Edythe Stamps Mantz, left for Ft. Wayne, Ind., to visit with her said niece, and arrived at Ft. Wayne on July 4, 1926. She stayed at the home of her said niece. She had been in poor health for some time, and on July 21, 1926, Dr. Lyman K. Gould was called professionally to see Mrs. Gill, and several days before her death she indicated that she desired to make a will. The same was thereafterwards reduced to writing, and on August 4, 1926, at Ft. Wayne, Ind., at the home of plaintiff, the husband of said Edythe Mantz, said decedent signed the will in question, which was witnessed by said Dr. Lyman K. Gould and another witness, both

of Ft. Wayne, Ind., which will appears regular as to form, execution, and attestation. The same devises and bequeaths, after the payment of all just debts and funeral expenses, "all the rest and remainder of my estate, both real and personal, wheresoever situated, to my niece, Edythe Mantz, and nephew, Paul Mantz, as tenants in common, the above devised especially including lots 1, 2, 6, and 7, in block 62, Johnston county, Okla., said place being known otherwise as Gill cottage," and appointed the said Paul Mantz as executor of said will. Said decedent died on August 5, 1926, at Ft. Wayne, Ind. Thereafter, on the 4th day of September, 1926, said plaintiff, Paul Mantz, or proponent, filed his petition for the probate of said will in the county court of Carter county, state of Oklahoma. Thereafter, on the 25th day of September, 1926, the said E. D. Gill filed his protest to the probate of said will, setting forth the following grounds, to wit:

"1. The said Eva Gill, deceased, at the time of the alleged execution of the purported will had no testamentary capacity.

"2. That the said decedent at the time of the alleged execution of the purported will was in the home of the said beneficiary of said will and was subject to the undue influence.

"3. That the said will was not executed and attested as required by law.

"4. That the said will is void for the reason that the said E. D. Gill at the time of the death of the said Eva Gill was her lawful husband and that the said purported will contravenes or is in conflict with the provisions of section 11224 of the Compiled Statutes of Oklahoma, as amended by the Acts of the Legislature of Oklahoma, 1925.

"5. Eva Gill, deceased, was not a resident of Carter county, Okla., at the time of her death.

"E. D. Gill."

The contest was heard by the county judge of said county, and on November 23, 1926, the county judge entered his order admitting the will to probate, finding that the will was duly executed; that the testatrix was of sound mind and memory, not acting under duress, menace, fraud, or undue influence; that the will was executed in all particulars as required by law; that at the time of executing said will, the said Eva Gill was not the lawful wife of the said E. D. Gill; that the said E. D. Gill, by reason of his own fault, fraud, and conduct, is not entitled to any share of the property of said Eva Gill, deceased; that the said E. D. Gill was not the lawful husband of the said Eva Gill, deceased, and has no right in the property of said decedent; and that the said Eva Gill was entitled to will her property to the persons made the beneficiary in said will.

Said defendant, as contestant, perfected his appeal to the district court, and on the 16th day of April, 1928, the district court of Carter county reversed the judgment of the county court of said county and denied the probate of said will, finding that the plaintiff had sustained the allegations of his protest and that E. D. Gill, the plaintiff therein, defendant herein, was the husband of Eva Gill, deceased, at the time of her death, and had been at all times since their marriage in December, 1924, and that said will is void and of no effect. A motion for new trial was duly filed, same overruled, and an appeal has been prosecuted to this court to reverse the action of the trial court.

The plaintiff in error assigns as error the following:

"(1). Said court erred in overruling the motion of the plaintiff in error for a new trial.

"(2). Said court erred in rendering judgment for the plaintiff, E. D. Gill.

"(3). Because said judgment of the court is contrary to the law.

"(4). Plaintiff in error alleges that said judgment is contrary to the evidence, and all the evidence in said cause.

"(5). Plaintiff in error alleges that said judgment is contrary to both the law and the evidence.

"(6). The court erred and overlooked the decisive issue in said cause, to wit: That E. D. Gill, the plaintiff in the district court, required and relied upon an illegal transaction to establish his case, and that the plaintiff could not, and did not, attempt to open his case or establish his cause, except by a showing that he had broken the law and relied upon his open and flagrant violation of the law, to establish his contention and cause of action in this case.

"(7). The court erred and overlooked the fundamental principle of law that a court of justice will not assist a person who has participated in a transaction forbidden by a statute to assert rights growing out of it, or to relieve himself of the consequences of his own illegal act.

"(8). The court erred in permitting the plaintiff, E. D. Gill, to profit by and capitalize his violation of the statute in marrying I. M. Gill within 45 days after his divorce from Eva Gill.

"(9). The court erred in holding that the decree of divorce sought and obtained by E. D. Gill or Edgar Gill from I. M. Gill, in the district court of Pottawatomie county, on December 8, 1924, was an idle transaction, and that the said E. D. Gill, plaintiff in the district court, could at his will set said judgment aside and marry again in violation of the terms of said judgment in the divorce action in which he was the plaintiff within eight days after the same was entered.

"(10). The court erred in reversing the order of the county court admitting the will of Eva Gill to probate, and reversing said county court and denying the probate of the will of the said Eva Gill."

It will not be necessary to discuss these several assignments of error separately.

It is conceded that the decree of divorce between E. D. Gill and Eva Gill, deceased, on the 8th day of October, 1923, was valid. Both plaintiff and defendant in that case, so far as this record is revealed, accepted and acquiesced in said judgment. The marital relation of said parties was severed by the judgment of the district court of Johnston county, state of Oklahoma. This decree provided that same would not be effective until six months from the date thereof. The defendant, E. D. Gill, admits that within 45 days after the granting of said decree he married I. M. Gill. The said defendant held himself out to the world as the husband of I. M. Gill from the 22nd day of November, 1923, to the 8th day of December, 1924. On this latter date, the defendant obtained judgment in the district court of Pottawatomie county against the said I. M. Gill in an action for divorce instituted by him in said court. In that action he invoked the jurisdiction of said court, and it was necessary for him to show that he was an actual resident in good faith of the state for one year next preceding the filing of his verified petition, and a resident of the county in which the action was brought at the time the petition was filed. The judgment of the court in this divorce proceeding recites that said plaintiff "is entitled to a decree of divorce from the defendant dissolving the marriage relation heretofore existing between the parties hereto" and decreeing "that the plaintiff be granted a decree of divorce from the defendant dissolving forever the marriage relation heretofore existing between them as to both parties. It is further ordered and decreed that this decree of divorce do not become effective until six months from date thereof."

Section 509, C. O. S. 1921, provides:

"A divorce granted at the instance of one party shall operate as a dissolution of the marriage contract as to both. * * *"

Section 510, C. O. S. 1921:

"It shall be unlawful in any event for either party to such divorce suit to marry any other person within six months from the date of the decree of divorcement; * * * Any person marrying contrary to the provisions of this section shall be deemed guilty of bigamy, and such marriage shall be absolutely void."

And section 512, C. O. S. 1921:

"Decree to show date. Every decree of divorce shall recite the day and date when the judgment was rendered in the cause, and that the decree does not become absolute and take effect until the expiration of six months from said time, or as provided in case of appeal."

Our court has construed that a marriage in violation of sections 509, 510, and 512, C. O. S. 1921, wherein a party to a divorce attempts to remarry any other person within the period of six months from the rendition of the decree, is void in the state of domicile or any other place. Atkeson v. Sovereign Camp Woodmen of the World, 90 Okla. 154, 216 Pac. 467. It follows that this marriage of defendant with I. M. Gill was unlawful and void during the period of six months from October 8, 1923, the date of defendant's divorce from said Eva Gill.

The question then presents itself in reference to the status of said defendant and I. M. Gill beyond this period of six months, and directed particularly to the time he was granted a decree of divorce by the district court of Pottawatomie county on December 8, 1924. These parties actually lived together as husband and wife during and beyond the aforesaid six months period of impediment, and held themselves out to the world as such from November 22, 1923, until December 8, 1924.

Where a second marriage is entered into in good faith, and the parties continue to cohabit without change during and beyond the statutory six months period of impediment, this relationship ripens into a common-law marriage. Such marriage is recognized as valid in this state by our court. Andrews v. Hooper, 138 Okla. 104, 280 Pac. 424; Mudd v. Perry, 108 Okla. 168, 235 Pac. 479; Fisher v. Fisher, 116 Okla. 129, 243 Pac. 730.

The recent decisions of our court have been very liberal in construing marital relationship where the same was entered in-

to in good faith. In the case of Andrews v. Hooper, supra, the court states:

."This court has always been very liberal in the construction of marriage laws where same are entered into in good faith. Regardless of statute, common-law marriages have been upheld, marriages of persons under age have been held voidable, not void, and marriages in good faith, while under disability, have been held to ripen into legitimate relations when impediments are removed. Good faith, while not controlling, is always one of the principal elements to be considered."

We are of the opinion that the marriage of said defendant to I. M. Gill was void for a period of six months from October 8, 1923, the date on which said defendant was divorced from his first wife, Eva Gill; that, in the absence of any showing that there was not good faith in this marital relation of said defendant and I. M. Gill, and in view of their continued cohabitation without change during and beyond the statutory six months period of impediment, their relationship ripened into a common-law marriage, and that on the date the district court of Pottawatomie county, state of Oklahoma, granted to said parties a divorce, to wit, December 8, 1924, said defendant and I. M. Gill were husband and wife by reason of a common-law marriage.

There is another reason why this marital relationship which defendant created in his second marriage should not be held as void, as contended for by him. It is undisputed that under the sanction of this marriage said defendant resided with and held the said I. M. Gill out to the public as his wife for more than a year. He received the benefits of that relationship and he ought not to be heard to say that the marriage was void, and that his relation with I. M. Gill was a nullity, adulterous, and meretricious. He is estopped to question the validity of such marriage. Harvey v. State. 31 Okla. Cr. 299, 238 Pac. 862; Cummings v. Huddleston, 99 Okla. 195, 226 Pac. 104.

Now we direct our attention to the third marriage. Said defendant, when he entered into the third marriage relation, violated sections 509, 510, and 512, supra, in the same manner as in the second marriage. This marriage was also unlawful and void, but due to the fact, which is not controverted, that these parties held themselves out to the world as husband and wife beyond the six months period of inhibition and under the authorities herein cited, this relationship ripened into a common-law marriage.

The marital status of said defendant having been determined as that of a surviving husband of said decedent, said defendant comes within the provision of section 1103, C. O. S. 1921, as a proper person who may appear and contest the probate of said will.

These preliminary questions having been disposed of, we will consider the question as to whether this will should be admitted to probate, or whether the same should be rejected. Section 1106, C. O. S. 1921, provides for the proceedings on a contest to the probate of a will, and that it may be contested on the following grounds:

"First. The competency of the decedent to make a last will and testament;

"Second. The freedom of the decedent at the time of the execution of the will from duress, menace, fraud, or undue influence;

"Third. The due execution and attestation of the will by the decedent or subscribing witnesses; or

"Fourth, Any other questions substantially affecting the validity of the will must be tried and determined by the court."

The issues of fact were settled and tried in the court below, but apparently took a wider range than the grounds of contest set forth in the above section of the statute. The issue presented by this proceeding of the statute is substantially the old common-law issue devisavit vel non, that is, as applied to this case, whether or not the testatrix did devise, or whether or not the instrument in question is the last will and testament of the testatrix, and if it is, whether or not the same should be admitted to probate.

28 R. O. L. section 379, page 377:

"The functions of a probate court when a will is propounded for probate are limited to inquiring and determining whether or not the instrument presented to it as the last will of the decedent was executed by him in the manner prescribed by statute, and whether he was legally competent to execute it, and free from duress, menace, fraud, and undue influence. Questions as to the property rights of devisees, legatees, heirs, and others which might arise out of a construction of the terms of a will are not to be determined in a proceeding for the probate of a will, and therefore the mere probating of a will is not final and conclusive as to the construction of the instrument."

This rule is announced in Taylor v. Hilton, 23 Okla. 354, 100 Pac. 537; In re Estate of Thomason, 115 Okla. 62, 241 Pac. 739.

The burden of proof was on the contestant, Gill, to show by a preponderance of the evi-

dence that there was a lack of testamentary capacity on the part of the testatrix, freedom of testatrix at the time of the execution of the will in question from duress, menace, fraud, or undue influence, and that said instrument was not duly executed and attested as required by law by the decedent in the presence of subscribing witnesses. The said defendant had the additional burden in this case to show that he had a right to appear to contest said will.

The evidence adduced shows that the instrument offered for probate undertook to make disposition of decedent's property or estate to take effect after said decedent's death, and that it was of a testamentary character properly signed, published, and attested. It was urged by the contestant that there was lack of testamentary capacity. The evidence in this case clearly shows the competency of said decedent to make said, last will and testament, and that, at the time of the execution thereof, said decedent was not acting under duress, menace, fraud, or undue influence. There is no testimony that said decedent did not fully understand the nature and effect of the instrument she was signing as and for her last will and testament. Said decedent had left said defendant by reason of their estranged relation, and this may properly account for the reason of her attempting to dispose of her property in the manner set forth in said will. The purpose of the probate is to establish whether or not there is a will, its due execution, and put the estate in due course of administration and settlement. However, the question of the construction of the will for the purpose of determining its effect and operation as to the rights or validity of any devise, or the manner of its distribution, is not contemplated by our statute in a proceeding on a contest to the probate of a will under the holding of our court hereinafter cited.

It is contended by the defendant Gill that the will in question was void by reason of the provisions of sections 1224, 11301, subd. 2, C. O. S. 1921, and section 11224, C. O. S. 1921, as amended by our Legislature, S. L. 1925, chapter 26, page 30, sec. 1, effective April 9, 1925. This court has heretofore considered this question as to the effect of this statute in passing upon a petition to probate a will in the following cases:

In re Allen's Will, 44 Okla. 392, 144 Pac. 1055:

"It will be noted that the conclusion to be reached upon a hearing of the contest is whether the will shall be rejected or admitted to probate. There is no authority

conferred by statute by which the court, upon a hearing of the contest, has authority to construe the will or adjudicate upon the rights of the parties or the validity of the disposition thereof."

In Brock v. Keifer, 59 Okla. 5, 157 Pac. 88:

"In a proceeding to probate a will, the court cannot construe or interpret the will or distinguish between valid and void dispositions. If the will be legally executed and proved, and not successfully attacked for want of testamentary capacity, undue influence, fraud, or duress, it must be admitted to probate."

In Rogers v. Mosier, 121 Okla. 213, 245 Pac. 36:

"That when a will is presented for probate and objection is made to its admission on the questions there raised, the courts will examine into only the factum of the will, or the question of devisavit vel non, and admit it to probate or reject it irrespective of the general provisions of the will. However, the basic requirement for admitting the instrument to probate 'is the factum of the will.' In other words, the court must determine that there is a will in fact before admitting it to probate, and for this purpose every will must be construed to the extent of determining whether or not the instrument propounded is in fact a will, and if the instrument propounded, by its terms, fails to come within the legal requirements to constitute a will, it should be denied probate as a will."

In Courtney v. Daniel, 124 Okla. 46, 253 Pac. 990:

"In a proceeding to probate a will, the only issue triable is the factum of the will, or devisavit vel non. In such proceeding, the county court cannot construe the will."

This will is in writing, names the executor, provides in part for the payment of decedent's just debts and funeral expenses from her personal property, and in the event such personal property is insufficient, from her real estate, described therein, and revokes all former wills. These provisions in themselves are sufficient to entitle said will to probate, provided it has been executed and attested in the manner and form required by the statutes, and testatrix was competent to make the will at the time of its execution, and free from the disabilities which operate under our statute to defeat the same. Armstrong v. Letty, 85 Okla. 205, 209 Pac. 168. This court will not determine the rights, if any, of said surviving husband in said decedent's property, in a contest for the probate of said will, notwithstanding said testatrix may have attempted to dispose by

will of her entire estate without said husband's consent, and which may be contrary to some provisions of our statutes. In re Chapman's Will (Iowa) 188 N. W. 837; In re Mahaffay's Estate (Mont.) 234 Pac. 838. The admitting of the will to probate does not determine the right of disposal or distribution, but leaves this question for the parties to proceed in the forums established for this purpose.

In view of the foregoing, the judgment of the district court, denying probate of the will, is reversed and remanded, with directions to enter judgment admitting said will to probate, and remanding the same to the county court of said county to proceed with the administration of said estate not inconsistent with the views herein expressed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. KORNEGAY, J., absent.

Note.—See under (2) 28 R. C. L. p. 377; R. C. L. Perm. Supp. p. 6143.