2000 OK CIV APP 137

**Nita Ann DAVIS, Plaintiff/Appellant,**

v.

**Philip Melvin DAVIS, Defendant/Appellee.**

**No. 93,299.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Nov. 22, 2000.

Terri Coulter, Oklahoma City, OK, for Appellant.

## OPINION

GARRETT, Judge:

¶1 On December 8, 1998, Plaintiff/Appellant, Nita Ann Davis, and Defendant/ Appellee, Philip Melvin Davis, now deceased, and their attorneys, appeared for trial of their divorce case. The attorneys advised the court that they had made an oral agreement regarding the terms of a decree. There was no trial. The court made a "Summary Order" as follows: "Decree approved as per decree to be filed." It is undisputed that no evidence, testimony or proof of any kind was presented to the court. There was no written agreement and neither party or their attorneys signed any document of any kind.

¶2 On January, 22, 1999, Defendant, Phillip Melvin Davis, died unexpectedly. Nothing had been accomplished with reference to the "decree to be filed". A probate proceeding was commenced. Decedent's son, Brian Philip Davis (P.R.) was appointed personal representative of the estate.

¶3 On May 12, 1999, Appellant filed a motion in the trial court to vacate the "Summary Order" which was dated December 8, 1998, and filed on December 10, 1998. The basis for the motion to vacate was: (1) "Title *12 O.S. § 1031,* for the third cause, mistake, neglect or omission of the clerk or irregularity in obtaining a judgment or order" and (2) "Title *12 O.S. § 1031,* for the sixth cause, for the death of one of the parties before the judgment in the action".

¶4 The motion was set for hearing. The P.R. of the estate appeared. He consented and agreed that the December 8, 1998 Summary Order should be vacated. The attorney who represented the decedent in the divorce case during his lifetime appeared and argued that the Summary Order should not be vacated. The trial court denied the motion to vacate and, on June 1, 1999, entered and filed another Summary Order which provided:

Plaintiff motion to vacate decree due to death of decedent.

Divorce granted in Dec. of '98. Parties ordered to present decree w/in 10 days as of Dec. '98.

¶5 This appeal was commenced by filing a Petition in Error on July 1, 1999. The Supreme Court, on July 2, 1999, entered the following order:

Appellant is directed to show cause, not later than July 20, 1999, why this appeal should not be dismissed for lack of an appealable order. It appears that the divorce decree has not yet been filed. *12 O.S.Supp.1991 §§ 952,* 953. An order re-

fusing to vacate a non-final order is not appealable. *Jones v. Tubbs*, 1993 OK 118, 860 P.2d 234.

Appellant, complying with the trial court's order dated June 1, 1999, and with this order of the Supreme Court, obtained and filed a divorce decree in the divorce case. An amendment to the petition in error with the divorce decree attached was filed in this appeal. The Supreme Court then entered the following order:

> Appellant's response to this Court's show cause order, and the amended petition in error with the decree of divorce attached, appear to satisfy this Court's inquiry into its jurisdiction. This appeal may proceed.

¶ 6 Appellant filed her brief in chief in favor of reversal. On March 15, 2000, the Supreme Court filed the following order:

> The answer brief is **past due.** Unless appellee's brief is filed by **March 27, 2000,** the cause will stand submitted for adjudication on appellant's brief only. **This time limit will not be extended.**

The attorney who represented decedent in the divorce case during his lifetime filed the following response: ·

### RESPONSE TO ORDER
### OF THE COURT

COMES NOW Irven R. Box, attorney for Phillip Melvin Davis, Appellee in the above styled case and states to the Court that Mr. Davis passed away on January 22, 1999. Respondent has no other party with interest in the matter that he represents and knows of no other alternative except to have the matter submitted for adjudication on Appellant's brief.

¶ 7 No brief has been filed by or on behalf of any Appellee. It follows that this matter stands submitted for adjudication on Appellant's brief only. In *Bob Moore Cadillac, Inc. v. Leona T. and Jerry W. Proctor,* 1999 OK CIV APP 12, 975 P.2d 918, the court held:

> In a case submitted on an appellant's brief only, the appellate court is under no duty to search the record for a theory to sustain the trial court's judgment if appellant's brief is reasonably supportive of the allegations of error, and if appellant's brief is not so supportive, the trial court's decision will be affirmed.

¶ 8 The belatedly filed Decree of Divorce contains the following recital: "The Court, upon agreement by the parties, finds that the issues and facts generally stated in Plaintiff's Petition are true and correct". There is no suggestion in the decree that any evidence, testimony or proof of any kind was presented to the court. As a matter of fact, that decree and the entire appellate record shows the contrary to be true. Appellant cites *43 O.S.1991 § 130* which provides:

> Upon the trial of an action for a divorce, or for alimony the court may admit proof of the admissions of the parties to be received in evidence, carefully excluding such as shall appear to have been obtained by connivance, fraud, coercion or other improper means. Proof of cohabitation, and reputation of the marriage of the parties, may be received as evidence of the marriage. *But no divorce shall be granted without proof.* (Emphasis supplied.)

In this connection, Appellant makes the following argument:

> As early on as 1924 the Supreme Court has interpreted the provision that no divorce shall be granted without proof to mean that the trial court may not look to matters outside the record, such as the verified petition, or the answer, to justify the granting of a divorce without testimony. *Brockhaus v. Brockhaus,* 104 Okl. 13, 230 P. 238 (Okl.1924). Also see, *Reed v. Reed,* 456 P.2d 529 (Okl.1969); *Fisher v. Fisher,* 116 Okl. 129, *243 P. 730* (Okl.1926); and *Fulton v. Fulton,* 460 P.2d 114 (Okl. 1969).

¶ 9 We hold that the December 8, 1998 Summary Order did not constitute a final and appealable judgment. It never became a valid judgment at any time prior to decedent's death, or thereafter. In addition, we hold that the Decree of Divorce, when filed, was void on its face, for lack of the required proof. Cf. *Ross v. Ross,* 1949 OK 35, 203 P.2d 702, and *Graves v. Walters,* 1975 OK CIV APP 20, 534 P.2d 702.

¶ 10 It follows that the trial court erred when Appellant's motion to vacate was denied. On remand, the trial court is directed to enter an order vacating the Summary Order dated December 8, 1998, and filed December 10, 1998. In addition, the Decree of Divorce which is dated December 8, 1998, and filed on June 11, 1999, is ordered to be vacated. The Appellant shall then be allowed to dismiss the action.

¶ 11 REVERSED AND REMANDED WITH DIRECTIONS.

¶ 12 JONES, P.J., and BUETTNER, J., concur.