## TIUNA v. WILLMOTT et al.

No. 19533. Opinion Filed Jan. 7, 1933.

Rehearing Denied Feb. 14, 1933.

Mull & Gulager and Biggers, Wilson & Aldridge, for plaintiff in error.

Everest, Dudley & Brewer, for defendants in error.

William C. Liedtke, amicus curiae on petition for rehearing.

CULLISON, J. On May 14, 1917, Winey Tiuna, a minor, by Rosanna Tiuna, her next friend, and D. C. Aldridge, as plaintiffs, commenced an action in ejectment against J. W. Willmott and Thomas R. Dean to recover possession of certain real estate described in their petition and located in Seminole county, Okla. Patent to the land was duly executed by the principal chief of the Seminole Nation, recorded as provided by law and delivered to David Tiuna. David Tiuna died intestate on or about the 9th of September, 1911. Willmott and Dean answered the action of plaintiffs and filed a cross-petition to quiet title, claiming title to said land under warranty deed from Jesse Yahola and Amey Yahola, his wife, Jesse Yahola being the father of David Tiuna. Winey Tiuna was born on the 27th day of January, 1910. She claims to be the daughter of David Tiuna and Rosanna, his wife. The right of Winey Tiuna to the interest in the land involved in this appeal depends upon the question of a marriage between David Tiuna and Rosanna. The trial court found that Winey Tiuna was the illegitimate child of David Tiuna, and that her mother was Rosanna, but there was never a ceremonial marriage or a marriage according to the customs of the Seminole Nation or a common-law marriage entered into between David Tiuna and Rosanna. If Winey Tiuna is the legitimate child of David Tiuna and Rosanna, then there is no dispute that she is entitled to the interest in the real estate claimed by her. The trial court rendered judgment against the plaintiff for possession of said real estate and rendered judgment in favor of the defendants in error upon the cross-petition of Willmott and Dean, quieting their title in all of the real estate involved in this action. A motion for new trial was duly filed and overruled and exceptions allowed, and notice of appeal given in open court to the Supreme Court and plaintiff granted 90 days to make and serve case-made upon the defendants. In her petition in error filed in this court on July 7, 1928, Winey Tiuna alleges that she became of full age on the 27th day of January, 1928, and that under section 798, C. O. S. 1921 [O. S. 1931, sec. 547], she has a right to prosecute this appeal.

The issue for us to determine is the legitimacy of Winey Tiuna. A number of witnesses testified that David Tiuna and Rosanna stated they were married about October 15, 1907. David Tiuna was in poor health, suffering with tuberculosis for a year or more prior to his death, and lived part of the time with Rosanna at the home of her mother and part of the time with his relatives. There is much positive testimony that David

Tiuna and Rosanna entered into a common-law marriage as claimed by the plaintiff, Winey Tiuna. There is much negative testimony by witnesses claiming that David Tiuna and Rosanna never told them that they were married and that David never introduced Rosanna to them as his wife. However, in our opinion, this testimony is not sufficient to overcome the probative force of the positive testimony offered by the plaintiff. In Mudd v. Perry, 108 Okla. 168, 235 P. 479, this court said:

"Frequently in discussing common-law marriages, the courts have injected confusion as to what was necessary to constitute the relation. The confusion has arisen, however, by not clearly distinguishing between what is to be established and the method of establishing it. In all matters of marriage at common law, the question to be reached is whether or not there was a contract between the man and the woman to be husband and wife, not in the future, but in the present"

—citing with approval Hulett v. Carey, 66 Minn. 327, 69 N. W. 31, 34 L. R. A. 384, 61 Am. St. Rep. 419. The court then said:

"In the absence of convincing evidence direct in its nature, as to such an agreement, and for the purpose of reaching the conclusion that such an agreement or meeting of minds actually existed between the parties, facts and circumstances might be introduced in evidence, such as the conduct of the parties, the manner each was held out by the other to the public, the relation they sustained to each other, etc.; but this character of evidence is only for the purpose of giving rise to the implication that the contract of marriage actually existed between the parties."

In Hulett v. Carey, supra, the Supreme Court of Minnesota held that:

"All that is necessary to render competent parties husband and wife is that they agree in the present tense to be such, no time being contemplated to elapse before the assumption of the status. It is not necessary that such a contract be followed by holding themselves out to the public as husband and wife, or that it be acted on by their professedly living together in that relation. The distinction noted between the fact of marriage and the proof of it."

The same rule applies to marriages between citizens of the Creek Nation residing therein contracted according to the usages and customs of the tribe of which they were members during the time that the tribal relationship existed, when recognized by the general government, and to common-law marriages entered into between citizens of that nation after the laws of Arkansas were extended over the Indian Territory. Chancey v. Whinnery, 47 Okla. 272, 147 P. 1036; Sandlin v. Tiger, 104 Okla. 107, 230 P. 905.

In Re Sanders Estate, Sanders v. Sanders, 67 Okla. 3, 168 P. 197, this court held that:

"The law is astute to preserve the sanctity of the marriage relation, the legitimacy of children, and the stability of descent and distribution, and therefore presumes innocence and virtue in the absence of proof to the contrary."

And that:

"It is the duty of courts to guard with jealous care the interests of minors in actions involving their rights. No presumption can be permitted against an infant, but, on the contrary, every presumption must be indulged in his favor, and a guardian ad litem or other person representing such minor must see to it that every question available is urged on behalf of said minor, and in case of a failure to discharge this duty, it becomes the imperative duty of the court to see that the infant's rights are protected."

In the same case upon the question of common-law marriage, we declared the rule of law to be that:

"A common-law marriage may exist in this state, and when parties capable of entering into the marital relation agree to be and become husband and wife, and in pursuance of such agreement enter into and thereafter maintain the marriage relation, a common-law marriage exists."

To the same effect is Fisher v. Fisher, 116 Okla. 129, 243 P. 730; Bothwell v. Way, 44 Okla. 555, 145 P. 350.

We think the language used by this court in Re Love's Estate, Love v. Love, 42 Okla. 478, 142 P. 305, applies in this case. The learned jurist delivering the opinion of the court said:

"At the trial of this suit a little daughter, the result of this union, sat innocently by, unconscious that her very name and future status were being determined there. We infer from the record that the property involved is insignificant, and was probably little in mind, while this woman fought for the relation of wife and for a name for her little girl. She is entitled to both. We do not propose to sit here, considering the most sacred relation of life, and construe away the status of this woman, who appears to have acted in good faith; neither will we turn the innocent result of this common-law union out into the world a nameless thing. She was begotten by a man who had voluntarily assumed the relation of husband, and she shall have the right to be called his child and bear his name."

In this case there is convincing evidence direct in its nature as to the agreement of marriage, and the findings and judgment of the trial court should be reversed. For the reasons stated, the judgment of the trial court finding that the evidence was insufficient to prove that Winey Tiuna was the legitimate child of David Tiuna is against the weight of the evidence disclosed by the record upon the trial of this cause. The judgment denying the plaintiff, Winey Tiuna, relief is ordered vacated, and the judgment in favor of the defendants upon their cross-petition is ordered vacated, and the trial court directed to grant the motion for new trial an proceed consistently with the views herein expressed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.