AURAND v. AURAND.

No. 31764. June 12, 1945.

Rehearing Denied Sept. 25, 1945.

*161 P. 2d 857.*

Giddings & Tellegen, of Oklahoma City, for plaintiff in error.

R. R. Rittenhouse, of Oklahoma City, for defendant in error.

PER CURIAM. This is an appeal by Clyde C. Aurand from a judgment of the district court of Oklahoma county granting a divorce and awarding alimony and attorney's fees to the plaintiff, Margaret Willis Aurand.

Plaintiff relied upon a common-law marriage. Defendant denied that such marriage existed between them and contends that the judgment of the trial court finding that such marriage existed is against the weight of the evidence. This is the only issue involved in this appeal. Defendant does not otherwise assail the judgment.

The evidence on this issue on behalf of plaintiff is substantially as follows: That she was formerly married to a man by the name of Willis; that from that union there were two children born, a son and a daughter; that during the period of time here involved she was a professional nurse registered in the name of Mrs. Willis and employed as a nurse at a local hospital; that she met Mr. Aurand some time in 1933 and kept company with him until some time in 1938; that the defendant was then a married man, but his wife obtained a divorce from him on August 3, 1938; that from such time on and until 1940 they lived together most of the time and had planned marriage but that the marriage relationship had not then been consummated; that in January, 1940, they separated and remained separated until October or November, 1941. In the meantime defendant's wife died; that in October or November, 1941, she and defendant agreed to get married and live together as Mr. and Mrs. Aurand. She rented a house at 701 West 14th street, Oklahoma City, and at the request of defendant the house was rented in the name of Mr. and Mrs. Aurand; that she and defendant immediately thereafter lived at said place as husband and wife and that her daughter, who was then 14 years of age, also lived with them. Shortly thereafter she was transferred to a hospital in Guthrie, Okla., and defendant and her daughter remained and lived at said place and that she returned each week end. In January, 1942, she rented a house at Guthrie, Okla., and the defendant and her daughter moved to Guthrie, where they were joined by her son, Gerald, who was 12 years old, and they all lived there together as one family until October, 1942. They then returned to Oklahoma City and lived at 2528 West 14th street for about six months, or until about April, 1943, at which time for some reason, not necessary to detail here, they again separated and plaintiff shortly thereafter brought this action for divorce. The evidence on behalf of plaintiff also shows that during all this time she and defendant have continuously lived together as husband and wife and openly assumed such relationship. Plaintiff admitted that during this time she retained her professional name of Mrs. Willis; that she kept her bank account and continued to transact her business in the name of Mrs. Willis, but that she was known by the other nurses at the hospital and her neighbors and associates as Mrs. Aurand.

Several witnesses testified on behalf of plaintiff to the effect that she was known by her neighbors and the community in which she lived as Mrs. Aurand.

Defendant denied that he ever agreed to marry plaintiff or that they ever lived together as Mr. and Mrs. Aurand. In many respects, however, he corroborates the plaintiff. He admitted that ever since October or November, 1941, he and plaintiff lived together continuously and in the same home and assumed the same relationship as husband and wife, and that he and the plaintiff and her two children lived together during all this time as members of one family. He also offered several witnesses who testified that they had known plaintiff for some time and they had always known her as Mrs. Willis and never had known her as Mrs. Aurand. This, is substance, constitutes all of the evidence offered in the case. In our opinion, this evidence, when considered as a whole, supports the conclusion that plaintiff and defendant agreed to become husband and wife; that they were competent to enter into such agreement and immediately thereafter lived and cohabited together as man and wife and openly assumed such relationship.

This is all that is necessary or essential to constitute a common-law marriage. Tiuna v. Willmott, 162 Okla. 42, 19 P. 2d 145; Love v. Love, 42 Okla. 478, 142 P. 2d 305; Vann v. Vann, 186 Okla. 42, 96 P. 2d 76.

Affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, WELCH, DAVISON, and ARNOLD, JJ., concur.