## EARLEY
v.
## STATE INDUSTRIAL COMMISSION et al.
No. 35827.

Supreme Court of Oklahoma.
April 27, 1954.

Robert W. Blackstock, Bristow, for petitioner.

George E. Fisher, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

This is an original proceeding in this court to review an order of the State Industrial Commission, denying an award, under the death benefit provisions of the Workmen's Compensation Law, to Audrey Earley, as claimant, for the death of her alleged husband, Walter Russell Earley, against his employer, Trigg Drilling Company, and its insurance carrier, Traders and General Insurance Company, as respondents. The parties will be referred to as they appeared before the Commission.

The same death was the basis of the case of Earley v. Trigg Drilling Company, Okl., 269 P.2d 976, wherein the father of said decedent was claimant, but, other than that, the issues are entirely different. The deceased was killed on March 27, 1952, when a piece of drilling equipment fell on him. Audrey Earley, as claimant, filed a claim with the State Industrial Commission against his employer and its insurance carrier, claiming, as the wife of said decedent, the death benefits provided by the Workmen's Compensation Law. Her claim was denied on August 14, 1952, on the grounds that she and the deceased had never been legally married. This proceeding was filed to review that order after it was affirmed on appeal to the Commission en banc.

The facts are fully set out in the order of the Commission and are sustained by competent evidence. Those findings, which are here pertinent, omitting the conclusions of law as far as is possible, are as follows:

"That Walter Russell Earley, decedent entered into a marriage ceremony with Audrey Newman Gillum in April 1951; no children were born as a result of this union. Audrey Newman Gillum had previously entered into a marriage ceremony with Franklin Gillum on July 14, 1949 and had lived with him continuously as husband and wife until mid-November, 1950. At time of purported marriage ceremony between Audrey Newman Gillum and Franklin Gillum on July 14, 1949, Franklin Gillum had a living, undivorced wife, Neva May Wollwine Gillum, whom Franklin Gillum had legally married in November 1948. After his marriage ceremony with Audrey Newman Gillum in July 1949, Franklin Gillum divorced Neva May Wollwine Gillum in January 1950 in the District

Court of Tulsa County. * * * Subsequently Franklin Gillum was divorced from Neva May Wollwine Gillum and was free to marry on or about July 23, 1950. However, Franklin Gillum did not reveal his previous marital status to Audrey Newman Gillum until either August or October 1950, at which time he told Audrey that they were not legally married.

"Whereupon, from August 1950 onward, after Audrey Newman Gillum discovered she was not legally married to Franklin Gillum, both * * * continued to cohabit in Lawton, Oklahoma, and elsewhere as husband and wife, during this period Audrey was publicly holding herself out as Mrs. Franklin Gillum. That Franklin Gillum found employment and gave Audrey Gillum as his wife for the purpose of income tax deduction. Audrey and Franklin set up various households as husband and wife and so considered themselves as husband and wife until mid-November, 1950, when they separated. Neither Audrey nor Franklin has been divorced from the other to this date, but Franklin has filed suit against Audrey for divorce in the District Court of Tulsa County.

"Thereafter Audrey Newman Gillum and Walter Earley decedent entered into a marriage ceremony in April, 1951. The wedding license procured shows the bride's name as Audrey Newman Gillum * * *."

█ The only question for determination by this court is whether or not the claimant, Audrey Earley, was the wife and heir of the deceased at the time of his death, as contemplated by the death benefit provisions of the Workmen's Compensation Law. 85 O.S.1951 § 3.1, par. (1) and § 22, par. 7.

At the time of Audrey's marriage to Gillum on July 14, 1949, there was a legal impediment to the marriage in that Gillum then had a living undivorced wife, Neva Mae. When that impediment was removed by the divorce on January 25, 1950, and the expiration of the following six month period on July 25, 1950, Audrey and Gillum continued to live together and to hold each other out as husband and wife until their separation in November of 1950. Audrey knew of the former marriage and divorce some time previous to the separation. In the case of Burdine v. Burdine, 206 Okl. 170, 242 P.2d 148, 150, we reaffirmed and quoted from the earlier case of Hess v. Hess, 198 Okl. 130, 176 P.2d 804, and also reaffirmed and quoted from the case of Mantz v. Gill, 147 Okl. 199, 296 P. 441, to the same effect, as follows:

" 'Where a second marriage is entered into in good faith, and the parties continue to cohabit without change during and beyond the statutory six-month period of impediment, this relationship ripens into a common-law marriage. Such marriage is recognized as valid in this state by our court. Andrews v. Hooper, 138 Okl. (103), 104, 280 P. 424, 426; Mudd v. Perry, 108 Okl. 168, 235 P. 479; Fisher v. Fisher, 116 Okl. 129, 243 P. 730.' "

That rule of law was reaffirmed and extended in the recent case of Olinghouse v. Olinghouse, Okl., 265 P.2d 711. Thus, when Audrey and Walter Earley attempted to be married, Audrey was not capable to so contract because she was the undivorced common-law wife of Gillum. That impediment was never removed and she was not the legal wife nor heir of the deceased at the time of his death.

█ Petitioner here argues further that, "If a second marriage has been proved the law raises a strong presumption that the marriage is valid and makes every reasonable inference in support of its validity;" also that "in a proceeding for death benefits under the Workmen's Compensation Law every fair inference is made in favor of the claimant wife." However, the situation now before us is one of those which the Death Benefit Act was intended to guard against because, by section 3.1, supra, it is provided that, in order to recover, claimants must be "heirs at law of the deceased, as defined by the Descent and Distribution Statutes of Oklahoma." In the case of Capitol Steel & Iron Co. v. Fuller, 206 Okl. 638, 245 P.2d 1134, it was pointed out that, by the provisions of said section 3.1,

only those persons could recover who could have formerly recovered under the provisions of 12 O.S.1951 § 1053. In the case of Equels v. Tulsa City Lines, 194 Okl. 79, 147 P.2d 460, 461, it was said:

"* * * This court has held that it ·is the duty to allege and prove the existence of the beneficiaries named in the statute to whom the action survives in the case of wrongful death and in addition thereto it is necessary to prove pecuniary loss. 12 O.S.1941 § 1053."

citing in support thereof the earlier cases of Tackett v. Tackett, 174 Okl. 51, 50 P.2d 293, and Okmulgee Gas Co. v. Kelly, 105 Okl. 189, 232 P. 428.

■ Therefore, since Audrey Earley was not the legal wife and heir of Walter Russell Earley at the time of his death, she was not·entitled to a death benefit award under the provisions of the .Workmen's Compensation Law.

Order sustained.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, ·CORN, O'NEAL, and WILLIAMS, JJ., concur.