D. P. GREENWOOD TRUCKING CO. et al.

v.

STATE INDUSTRIAL COMMISSION et al.

No. 36250.

Supreme Court of Oklahoma.

May 25, 1954.

**340**

Paul Dudley, Dudley, Duvall & Dudley, Oklahoma City, for petitioners.

James M. Lee, Robert W. Booth, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

This is an original proceeding in this court to review an award of death benefits under the Workmen's Compensation Law, 85 O.S.1951 § 1 et seq., made by the State Industrial Commission, to the claimant, Annabelle Cunningham, as the widow and sole surviving heir of her deceased husband, Charles W. Cunningham, against his employer, D. P. Greenwood Trucking Company, and its insurance carrier, Coal Operators Casualty Ins. Co., as respondents. The parties will be referred to as they appeared before the Commission.

Prior to his death, the decedent was in the employ of respondent, engaged in the felling and clearing of timber. On Febru-

ary 28, 1953, a tree fell on him causing his death. Claimant, as his wife, filed claim with the Commission for award of death benefits under the provisions of the Workmen's Compensation Law, decedent leaving no living children surviving him. At the time of trial, the parties, in stipulating relative to the facts, agreed that, in the words of the Trial Commisioner, "The only question is who are the dependents and what they should receive." The defense relied upon was that claimant and decedent were not, and could not be, legally husband and wife for the reason that claimant had a prior, living, undivorced, common-law husband, Russell Keener. Two hearings were had culminating in an award by the Trial Commissioner in favor of claimant, which, after affirmance by the Commission en banc, is the object of this proceeding to review.

The findings of fact by the Trial Commissioner constituting the issue in this court are as follows:

"On August 12, 1951, Charles W. Cunningham, the above named decedent, entered into a Common Law Marriage with Annabelle Cunningham at Chelsea, Oklahoma, and at the time of the death of said Charles W. Cunningham aforesaid Annabelle Cunningham was the wife of said decedent and his sole and only dependent, there being no living children of said marriage.

"For a short period of time during the year of 1944 Annabelle Cunningham and one Russell Keener cohabited, having in mind to procure a marriage license and to be married at some future date, but said marriage was never performed and it is specifically found that the cohabitation between the aforesaid Annabelle Cunningham and Russell Keener did not at any time develop into a Common Law Marriage."

 Whether or not the claimant is the widow of the deceased and entitled to maintain her claim, is a jurisdictional question upon which the finding of the Commission is not conclusive on this court. In the case of Harrill v. State Industrial Commission, 208 Okl. 666, 258 P.2d 624, 625,

the rule was quoted from the case of Williams v. Branum, 192 Okl. 129, 134 P.2d 352, as follows:

" 'This court in reviewing an award of the State Industrial Commission will not accept as conclusive the findings of fact of the State Industrial Commission concerning a jurisdictional question, but on review will weigh the evidence relating thereto and make its own independent findings of fact. * * *' "

In the case now under consideration, the claimant was a full-blood Cherokee Indian, who, other witnesses testified, did not understand the English language very well. At the first hearing, she testified, in English to questions in English, by answers yes or no, that, in 1944, for about two weeks she lived with, and as the wife of, Russell Keener until he was called for Army service. She also testified that, for some eight months afterwards, she received allotment checks and cashed them as Keener's wife. At the same hearing, Keener, also a full-blood Cherokee Indian, testified to substantially the same relationship, but his testimony went further, in that he testified they went to Picher, Oklahoma, and lived together with his brother and sister-in-law; that they went there intending to get a license and be married, but because of the necessity of getting blood tests, they were not married. No divorce had been obtained by either of them.

Subsequently, Keener testified by deposition that he and the claimant had lived together intending to get married but that they never had married, and further, that they never did hold themselves out as man and wife; that the arrangement to get and cash the allotment checks was for the purpose of defrauding the government; that he had been worrying about the matter and wanted to get it straightened out; that the reason for his former conflicting testimony was his fright about the consequences of the scheme and also that at the time of the first hearing he needed money and had been paid $50 and expenses to come to Oklahoma City and to so testify.

Claimant, testifying through an interpreter at a later hearing, also repudiated her former testimony to the effect that she and Keener had held themselves out at any time as husband and wife. She said that they had lived together for a week at his brother's home in Picher and for about two weeks at the home of another Cherokee Indian, just before Keener left for the Army. She said that, never during that time, did they hold themselves out as husband·and wife; that their intention was to get married in the future. All of her testimony at the subsequent hearing was offered on the grounds that she did not understand the questions which she answered at the former hearing. Other witnesses were examined but their testimony added little one way or the other to the testimony of the principals.

The relationship of husband and wife between the claimant and deceased was established unless the evidence above detailed was sufficient to prove the incapacity of claimant to become the wife of deceased. The burden of proving such incapacity rested upon the respondent. The rule of law relative thereto is firmly established in this jurisdiction. In the case of Hill v. Jones, 180 Okl. 330, 69 P.2d 324, 326, it was stated as follows:

" * * * When a marriage has been shown in evidence, whether regular or irregular, and whatever the form of the proofs, the law raises a presumption of its legality, not only casting the burden of proof on the party objecting, but requiring him throughout and in every particular plainly to make the fact appear, against the constant pressure of this presumption, that it is illegal and void. * * *"

Looking now to the evidence herein, in the light of the above rule, only one fact stands out as pointing to a marital relationship between the claimant and Keener. That is that the claimant received and cashed some eight allotment checks as the wife of said Keener after he first went into the Army. Those checks were stopped when satisfactory proof of the marriage

was not made. On that point, respondent argues that "written admissions will outweigh oral evidence on the question of intent concerning common-law marriages." That argument, however, regardless of what merit it could have is not before us since the record contains no written evidence nor written admission. The record is entirely devoid of evidence of a holding out or public acknowledgment of the parties as man and wife, unless the testimony of the parties at the first hearing is taken as true. Taken in connection with its subsequent repudiation, it is not sufficient to discharge the burden of proof resting on respondent, nor to overcome the presumption of validity of the marital relationship existing between claimant and deceased.

"To constitute a valid 'common-law marriage,' it is necessary that there should be an actual and mutual agreement to enter into a matrimonial relation, permanent and exclusive of all others, between parties capable in law of making such contract, consummated by their cohabitation as man and wife, or their mutual assumption openly of marital duties and obligations. A mere promise of future marriage, followed by illicit relations, is not, in itself, sufficient to constitute such marriage." Cavanaugh v. Cavanaugh, 135 Okl. 204, 275 P. 315.

The evidence is almost conclusive that the relationship between claimant and Keener was founded upon an intent to get married at some future time. That was not sufficient to prove a common-law marriage.

This conclusion is not in conflict with the recent opinion in the case of Earley v. State Industrial Comm., Okl., 269 P.2d 977, which involved the determination of a question of law from undisputed facts rather than a weighing of the evidence in determining a question of fact. The proposition there was "What facts must be proved?" The proposition here is "In view of legal presumptions and burden of proof, what evidence is sufficient to establish those facts?"

Respondent also argues here that claimant did not prove the non-appointment of an administrator of the estate of her deceased husband. That question was removed from consideration, by the Commission and by this court, because of the stipulation of the parties as set out in the first of this opinion.

The award of the Commission is sustained.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, ARNOLD, WILLIAMS and BLACKBIRD, JJ., concur.