In the Matter of the ESTATE of Larry Hugh ROGERS, Deceased.

Hazel REESE and Mary Denton, Appellants,

v.

Karen M. ROGERS, Administratrix, Appellee.

No. 49073.

Court of Appeals of Oklahoma, Division No. 1.

Feb. 15, 1977.

Rehearing Denied May 3, 1977.

Certiorari Denied May 16, 1977.

Released for Publication by Order of Court of Appeals May 19, 1977.

Miskovsky, Sullivan & Miskovsky by Don Cooke, Oklahoma City, for appellants.

Justus W. Hefley, Anadarko, for appellee.

BOX, Judge:

An appeal by Hazel Reese and Mary Denton, mother and sister of Larry Hugh Rogers, Deceased, from an order of the probate court appointing Karen M. Rogers administratrix of the estate of deceased.

The unusual fact situation leading to this appeal, as agreed to by the parties, are as follows:

On the 4th day of February, 1975, appellee Karen M. Rogers was divorced from Roy L. Berdsen in the District Court of Caddo County. On the 28th day of February, 1975, appellee married the deceased, Larry Hugh Rogers, in Wichita Falls, Texas. On March 11, 1975, deceased left appellee and filed a verified petition for annulment of the marriage in the District Court of Caddo County, and on March 28th filed an amended verified petition for annulment of the marriage for the reason that at the time of their alleged marriage Karen M. Rogers was under a legal incapacity to remarry. On April 3, 1975 appellee Karen M. Rogers executed a verified waiver and filed the same on April 9, 1975 in which she entered her voluntary appearance and agreed that the trial thereof may be had at any time without further notice to her, and further waiving any objection to a special district judge hearing the cause.

On April 11, 1975 the deceased left his place of residence for the purpose of meeting his attorney to finalize and obtain the decree of annulment above mentioned. On said date, and while enroute to the courthouse, Larry Hugh Rogers had an automobile accident in which he was killed, all prior to the hearing of his petition for annulment of the alleged marriage.

On June 2, 1975 appellee filed in the District Court of Caddo County a petition for letters of administration, alleging that she was the wife of the deceased on the date of his death.

On June 12, 1975 appellants filed their objection to application for appointment of appellee as administratrix.

On October 16, 1975 the objections of appellants came on to be heard and the trial court, having considered the evidence and arguments of counsel, found that Letters of Administration should be issued to Karen M. Rogers and denied the appellants' objections.

The trial court, in so ruling, made a statement in part as follows:

"THE COURT: Well the statute we're dealing with here provides that it shall be unlawful for any person to remarry a third party during the prohibitive period following the filing of a divorce and, admittedly, under the statute, Karen Rogers was guilty of bigamy and adultery. I might preface my ruling in this case by saying that my sympathies do not lie with the alleged surviving wife, because I never feel that anybody should be able to profit by his misconduct. But I'm afraid the law is the other way. The bigamous

marriage was never dissolved, and the decisions of the Oklahoma Supreme Court on more than one occasion have been, in effect, that as long as a marriage is capable of ripening into a valid marriage it is not void, but merely voidable. . . .

Now under our law in this State an invalid marriage can ripen into a valid marriage under our common-law which recognizes common-law marriages so that cohabitation together, beyond or after a prohibitive six (6) months period will ripen into a valid marriage under our state law. Therefore, I feel I am compelled under the law of Oklahoma to overrule the objection of the mother, Hazel Reese, and find that the marriage was not void but voidable, and at the time of death had not been voided. *Therefore, Karen Rogers must be considered, for the purpose of probate, a surviving widow of the decedent.*" (Emphasis supplied.)

Appellants bring this appeal, alleging error as follows:

"PROPOSITION 1. That a valid marriage was not consummated between the deceased and the appellee thereby abrogating any right of the appellee to inherit from the estate from Larry Hugh Rogers.

"PROPOSITION 2. That the actions and intentions of the deceased and appellee voided the alleged marriage, if any, prior to the death of the deceased, thereby abrogating any right of the appellee to inherit from the estate of Larry Hugh Rogers.

"PROPOSITION 3. That the appellee is estopped to assert that she is the surviving wife of the deceased in that she acquiesced to the annulment by verified waiver and now claims an inconsistent position.

"PROPOSITION 4. That the appellee is guilty of unlawful acts which she will mature the benefits of thereby allowing equity to intercede to prevent injustice."

The appellee contends in part as follows:

"The issue to be presented in this proposition is whether the marriage entered into on the 28th day of February, 1975 at Wichita Falls, Texas, between Karen M. Rogers and Larry Hugh Rogers, deceased, was a void or voidable marriage . . . .

. . . . .

"Although the Oklahoma Supreme Court has determined that a marriage within the six month disability is voidable, it has gone no further in ruling on questions of its validity for certain purposes or how and when it may be attacked."

Appellee in her brief, makes the following statement:

"The writer of this brief was unable to find any Oklahoma cases on the question of validity of a marriage being attacked after the death of one of the parties."

In answer to appellee's last statement, supra, we find from research that the case of *Plummer v. Davis*, 169 Okl. 374, 36 P.2d 938, is a case with a similar fact situation, but we find that the Supreme Court has not followed this ruling and has in effect overruled same in the case of *In re Mo-Se-Che-He's Estate, Red Eagle et al. v. Rogers et al.,* 188 Okl. 228, 107 P.2d 999, at p. 1004. We therefore proceed to answer this matter as follows:

The pertinent part of 12 O.S.1971, § 1280 reads as follows:

"It shall be *unlawful* for either party to an action for divorce whose former husband or wife is living to marry in this state a person other than the divorced spouse within six (6) months from date of the decree of divorce granted in this state, or *to cohabit with such other person in this state during said period if the marriage took place in another state*; . . . any person violating the provisions of this section by such marriage shall be deemed guilty of bigamy. Any person violating the provisions of this section by such cohabitation shall be deemed guilty of adultery." (Emphasis supplied.)

It is undisputed that a "marriage" within the limitation period, supra, is voidable rather than void.

In Oklahoma a voidable marriage may ripen into a common-law marriage as soon

as the legal impediment has been overcome. In the case of *Mantz v. Gill*, 147 Okl. 199, 296 P. 441, the Supreme Court held that a marriage unlawfully solemnized within six months after the granting of a decree of divorce to one of the parties may ripen into a valid common-law marriage at the expiration of the legal impediment. *Aurand v. Aurand*, 195 Okl. 643, 161 P.2d 857; *Wheaton v. State*, 85 Okl.Cr. 132, 185 P.2d 931; *Taylor v. Taylor*, Okl., 387 P.2d 648; *Earley v. State Industrial Comm'n*, Okl., 269 P.2d 977 (see p. 979 and Court syllabus No. 1); *Olinghouse v. Olinghouse*, Okl., 265 P.2d 711; *Hess v. Hess*, 198 Okl. 130, 176 P.2d 804; and *Hill v. Shreve*, Okl., 448 P.2d 848. Thus in order to establish a common-law marriage it is essential that the parties (1) cohabit together, (2) with the intention of becoming husband and wife, and (3) that there be no legal impediment to either party.

In the case of *Burdine v. Burdine*, 206 Okl. 170, 242 P.2d 148, the Supreme Court inferred that the law recognized the marriage of the parties and stamped its approval on the marriage from the date the disability was removed and the matrimonial consent was exchanged between the parties. At p. 150 of the opinion, the court stated:

> "When parties, in good faith, comply with the forms of law which would give rise to their marriage but for one being under a disability, the law infers that the matrimonial consent was interchanged between them *as soon as the disability is removed*, and stamps their relation with the status of a valid marriage." (Emphasis supplied.)

■ The facts in the case now under review reveal that the voidable marriage herein could not have ripened into a common-law marriage in that the elements of a common-law marriage could not be met. At the time of the death of the deceased, the parties were admittedly not cohabiting together. Further their actions evidenced an intention not to become husband and wife as revealed by the verified petition filed by the deceased together with the verified waiver filed by appellee. There could never have been a common-law marriage because of the untimely death of Larry Hugh Rogers before the date the legal impediment ceased to exist.

Construing the case law cited, supra, with 12 O.S.1971, § 1280 wherein the legislature has stated that it shall be unlawful for either party to cohabit with another person within the six month period, it is abundantly clear that courts cannot recognize a marriage of the type now under consideration, for to do so would be to hold that the *unlawful* cohabitation is in fact lawful.

■ After a careful consideration of the facts and peculiar circumstances of this case, we hold that Karen M. Rogers was not legally or by common law the wife of deceased, thus not the surviving widow as pronounced by the trial court. Accordingly, the order of the trial court in appointing appellee Administratrix of the Estate of Larry Hugh Rogers, is ordered set aside, and the court is directed to proceed with this matter. 58 O.S.1971, § 122.

REVERSED AND REMANDED.

REYNOLDS, P. J., and ROMANG, J., concur.