OPINION — AG — WHERE A PERSON HAVING OBTAINED A DIVORCE IN OKLAHOMA, VIOLATES 12 O.S. 1971 1280 [12-1280], BY RE MARRYING A PERSON OTHER THAN THE DIVORCED SPOUSE WITHIN SIX MONTHS OF THE DECREE OF THE DIVORCE, SUCH REMARRIAGE, IMPROPERLY ENTERED INTO, MAY RIPEN INTO A VALID MARRIAGE AT THE END OF THE SIX MONTH PROHIBITORY PERIOD, THEREBY MAKING THE NEW SPOUSE ELIGIBLE TO RECEIVE SURVIVOR BENEFITS, PURSUANT TO 47 O.S. 1975 Supp., 2-306 [47-2-306]. THIS DETERMINATION, HOWEVER, MUST BE MADE BY THE RETIREMENT AND PENSION BOARD BASED UPON THE FACTS OF EACH CASE. CITE: 12 O.S. 1971 1280 [12-1280], 47 O.S. 1975 Supp., 2-306 [47-2-306] (CIVIL PROCEDURE, MOTOR VEHICLES) (PATRICIA R. DEMPS)
The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: If a person, having obtained a divorce in Oklahoma, marries a person other than the divorced spouse within 6 months of the decree of divorce, is such marriage valid so as to consider the new spouse eligible to receive survivor benefits pursuant to 47 O.S. 2-306 [47-2-306] (1975)? Title 12 O.S. 1280 [12-1280] (1971) provides in part: "It shall be unlawful for either party to an action for divorce whose former husband or wife is living to marry in this state a person other than the divorced spouse within six (6) months from date of decree of divorce granted in this state, or to cohabit with such other person in this state during said period if the marriage took place in another state; . . . Any person violating the provisions of this section by such marriage shall be deemed guilty of bigamy. Any person violating the provisions of this section by such cohabitation shall be deemed guilty of adultery." It is well established that a marriage entered into in violation of Section 1280 is voidable, but not void. Wasson v. Carden, Okl., 594 P.2d 1223 (1979); Dowell v. Welch, Okl. App., 574 P.2d 1089 (1978); and Matter of Estate of Rogers, Okl. App., 569 P.2d 536 (1977) . The Oklahoma Supreme Court in Wasson v. Carden, supra, stated: ". . . even though a marriage is improperly entered into in violation of the statute, it may ripen into a valid marriage at the end of the prohibitory period. In Dowell v. Welch, 574 P.2d 1089, 1091 (Okl.App. 1978) the Court of Appeals found that: the legitimacy of a martial relationship is perishable during the prohibitory period; the ultimate result is not altered where the parties continue living together after the nuptial inhibition is removed; . . ." Thus, whether the new spouse is eligible to receive survivor benefits depends upon whether the couple continued to live together as husband and wife after the end of the 6 month prohibitory period, an issue of fact to be determined by the Retirement and Pension Board. It is, therefore, the official opinion of the Attorney General that where a person having obtained a divorce in Oklahoma, violates Title 12 O.S. 1280 [12-1280] (1971), by remarrying a person other than the divorced spouse within 6 months of the decree of divorce, such remarriage, improperly entered into, may ripen into a valid marriage at the end of the 6 month prohibitory period, thereby making the new spouse eligible to receive survivor benefits pursuant to 47 O.S. 2-306 [47-2-306] (1975). This determination, however, must be made by the Retirement and Pension Board based upon the facts of each case. (Patricia R. Demps)